Mohammed ABDELSALAM,
Plaintiff—Appellant,

v.

UNITED INSURANCE COMPANY
of America; Unitrin, Inc.,
Defendants—Appellees.

No. 03–16076.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Dec. 19, 2005.

Paul D. Hoskins, Sacramento, CA, for Plaintiff–Appellant.

Anthony J. Poidmore, Esq., Roseville, CA, Michael Baytosh, Porter, Scott, Weiberg and Delehant, Sacramento, CA, for Defendants–Appellees.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

MEMORANDUM *

Mohammed Abdelsalam appeals the district court's summary judgment order in favor of United Insurance Company (United) and Unitrin, Inc. on his fourth cause of action—interference with a potential contractual relationship. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's order regarding the short-term disability benefits claim but reverse on the long-term disability benefits claim.

United properly met its burden in moving for summary judgment on the short-term disability benefits claim by producing evidence negating an essential element in Abdelsalam's claim—a contractual relationship with a third party. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos. Inc.*, 210 F.3d 1099, 1106 (9th Cir.2000) (discussing summary judgment burdens); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 54, 63 P.3d 937 (Cal.2003) (listing elements for interference with a potential contractual relationship). Michelle Crouse's declaration provides evidence that United's short-term disability plan is self-insured. This evidence shifted the burden to Abdelsalam to show an issue of material fact on the short-term disability claim. Because Abdelsalam did not oppose the motion, he failed to carry this burden.

United did not satisfy its burden in moving for summary judgment on the long-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

term disability claim because it failed to even mention this claim in its motion for summary judgment. United produced no evidence addressing Abdelsalam's claim for long-term disability benefits. Therefore, it failed to carry its initial summary judgment burden on this claim.

**AFFIRMED IN PART; REVERSED IN PART. Costs to Appellant.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.